## THE STATE *vs.* MAGGIE STEWART.

Sussex County, April Term, 1894.

**Larceny.**—Under our statue, a berry check, where the person issuing same has made an agreement with others to redeem it, is a subject of larceny.

The defendant was indicted for the larceny of fifty berry checks. The facts are stated in the charge of the court.

*Richardson*, for the defendant, contended that the articles charged in the indictment were not the subject of larceny. The indictment charges "fifty certain orders for the payment of money" "fifty certain obligations for the payment of money." The description is not sufficient and should show the amount due on the order; 2 Russ. Crimes, 78-81; 2 Whart. Am. Cr. L. § 349; 2 Roscoe, Crim. Ev. 1220, 1223.

*J. R. Nicholson*, Attorney General, *contra*.

GRUBB, J., (charging the jury).
You have been empaneled to try Maggie Stewart, the prisoner

in the dock, for the larceny of fifty certain obligations for the pay-
ment of money commonly called berry checks, on each of which
was printed " H. P. Cannon. 8 Quarts," each of the value of six-
teen cents lawful money of the United States of America of the
goods and chattels of Henry P. Cannon, and charged in the in-
dictment to have been stolen in this county. There is also a second
count in this indictment which describes them as fifty certain orders
(instead of obligations, as in the other count) for the payment of
money commonly called berry checks, on each of which was printed
" H. P. Cannon. 8 Quarts," each of the value of sixteen cents
lawful money of the United States of America, the property of
Henry P. Cannon, and alleged to have been stolen in this county.

As you are all probably aware, larceny is the felonious taking
and carrying away of the personal property of another, with intent
to convert it to the taker's use.

It is necessary under every indictment for larceny to prove
to the satisfaction of the jury, first the taking and carrying away
of the personal property of another, with intent to steal, and in
the county where the jury sit, where the crime must be committed.
It must also be shown that the property belonged to the party who
is alleged in the indictment to be the owner, and that the property
had some money value.

But the main question of law, in fact, the only question of
law, so far as I understand, is the contention of the counsel for the
defendant, that these berry checks are not the subject of larceny;
because they are not an article of money value, and that therefore
no value can be proven sufficient to sustain this indictment.

This same question was before this Court in this county once
before. We then charged the jury that these berry checks were
the subject of larceny, under our statute, which is found in Sec. 14,
Chap. 128, of the Revised Code, and is as follows:

"If any person shall feloniously steal, take and carry away
any goods, chattels or effects, money bank note or bill, promisory
note, bill of exchange, check, order or bond for the payment of
money, or any obligation or written security for the payment of

money or delivery of goods or merchandise or warrant of attorney etc.," "every such person shall·be deemed guilty of larceny and felony."

You will observe that this statute of our State declares that the taking and carrying away with felonious intent any order, or obligation for the payment of money or delivery of goods or merchandise, shall be deemed guilty of larceny and punishable as the statute prescribes.

As a quorum of this court held before, so the full court now charge this jury, that these berry checks are obligations for the payment of money. That is, if you are satisfied from the testimony that these checks were the property of Henry P. Cannon— who is alleged to be the owner of them—and that they had printed upon them "H. P. Cannon, 8 quarts," and if you are further satisfied from the testimony that he made an agreement with one or more of the merchants in the town of Bridgeville, before the same were taken from his box (if you believe they were so taken), to redeem these checks in case they were presented by any holder of them, then we consider that they were orders or obligations for the payment of money within the meaning of our statute, and that in the case of the larceny of the same, the offender would be subject to the penalties provided by our law under the provisions of this statute which I have read to you.

You must be satisfied, of course, that these berry checks were Mr. Cannon's property and were taken from him as he alleges and has undertaken to prove to you. All of these matters of fact are for you to determine from the evidence. The question of law is the principal one for us to charge you upon this case.

So that if you are satisfied that the ingredients of the offence which I have specified have all been proven, and if you are satisfied that among those ingredients it has been shown that these checks had his name upon them, that they were his property when they were taken, that he made an agreement before they were taken from him with the merchants to pay them either in money or merchandise, then they were the subject of larceny, and if you are sat-

isfied that the prisoner at the bar is the person who took them from him and with felonious intent then you may find her guilty.

Under the present law of our State a prisoner may testify under oath in his or her own behalf. Until very recently a prisoner could not so testify, but our Legislature has passed an act which allows this. You are to take the testimony of the prisoner and weigh it in connection with all the circumstances of the case, and you have the right to believe any of the witnesses or to disbelieve any of them, either all they say or a part of their testimony, after weighing them and their testimony in connection with all the other testimony in the case.

*Verdict, guilty.*